IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN REID ALTHOUSE,           §
TDCJ No. 861608,               §
                               §
          Plaintiff,           §
                               §
V.                             §          No. 3:00-cv-39-G-BN
                               §
COUNTY OF DALLAS,              §
                               §
          Defendant.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kevin Reid Althouse, a Texas prisoner, filed in this closed case a *pro se* motion requesting that his former counsel in this action provide him his case file, which Althouse believes contains documents that could support his pending request that the Dallas County District Attorney's Conviction Integrity Unit review his conviction [Dkt. No. 149] (the Motion to Compel).

Althouse's filing caused the Court to reopen this case and reassign it to Senior United States District Judge A. Joe Fish, who referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted the Motion to Compel [Dkt. No. 149] to the extent that it directed the attorney that the Court appointed to represent Althouse in this case, Gregory H. Dimmick, to file a written response to the Motion to Compel by September 21, 2020 that either states that he has provided the case file to Althouse or sets out his reasons for opposing Althouse's request, in whole or in part.

Dimmick responded, informing the Court that his former law firm – where he was employed when the Court appointed him to represent Althouse – "maintains the file" and "has responded to at least two written requests from Mr. Althouse to obtain documents from his file." Dkt. No. 152.

Based on Dimmick's response, the Court administratively closed this case. *See* Dkt. No. 153. Althouse then informed the Court that the request for his client file should be directed to Dimmick's former law firm, Hunton Andrews Kurth, LLP (the Firm). *See* Dkt. No. 154. And, out of an abundance of caution, the Court reopened this case and ordered the Firm to file a written response to the Motion to Compel that either states that the Firm has provided the case file to Althouse or sets out its reasons for opposing Althouse's request, in whole or in part. *See* Dkt. No. 155.

The Firm filed its response, informing the Court that it

> learned of ongoing proceedings in this matter on or about September 4, 2020, when contacted by former Firm lawyer Greg Dimmick. The Firm answered questions posed by Mr. Dimmick in connection with the response filed by Mr. Dimmick on September 18, 2020.
>
> Separately, on or about September 17, 2020, the Firm received a letter from Mr. Althouse, postmarked September 11, 2020. The letter references the motion to compel and provides an address for shipment of files. The Firm processed the letter as a request for transfer of the case file, and subsequently forwarded the file to the address provided in the letter.
>
> The file materials were sent by Federal Express in two boxes, shipped from the Firm on September 21, 2020, and delivered by Federal Express on September 23, 2020. Mr. Althouse's letter to the Firm, the Firm's transmittal letter to Mr. Althouse, and the associated Federal Express shipment and delivery receipts are attached.

Dkt. No. 156.

Considering this response, the Court again administratively closed this case on October 6, 2020. *See* Dkt. No. 157.

Althouse now moves under Federal Rule of Civil Procedure 60(b) "to reopen [this case] due to extraordinary circumstances," explaining in part that his "poor/impaired insight prevented [him] from properly pursuing the within issues 20 years ago including the failure to recognize the within described criminal conduct by the Dallas County Sheriff's Department in an effort to protect the convictions I am imprisoned for by destroying, altering, and tampering with official records of the Dallas County government to wit: Dallas County Jail medical record which subsequently undermines and compromises the integrity of these convictions" [Dkt. No. 158] (the Rule 60(b) Motion).

In August 2002, the Court granted Dallas County's motion for summary judgment and dismissed Althouse's claims in this lawsuit after finding that there was "no genuine issue of material fact as to whether Dallas County, Texas was deliberately indifferent to the medical needs of [Althouse] through an official policy or widespread and persistent custom or practice." Dkt. No. 115 at 8; Dkt. Nos. 124, 130, & 132. And, later that year, the United States Court of Appeals for the Fifth Circuit dismissed Althouse's appeal for want of prosecution. *See* Dkt. No. 137.

Whatever claims Althouse may now bring to collaterally attack his underlying criminal convictions, this civil lawsuit was limited to his deliberate indifference claims against Dallas County, and its dismissal turned on Althouse's failure to establish municipal liability. *See Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (A municipality may only "be held liable under [42 U.S.C.] § 1983 'when execution of a government's policy or custom ... by those whose edicts or acts

may fairly be said to represent official policy, inflicts the [constitutional] injury.'"

(quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); citation omitted)).

Insofar as Althouse now moves for relief under Rule 60(b), its purpose "is to

balance the principle of finality of a judgment with the interest of the court in seeing

that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d

632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th

Cir. Jan. 1981)). But "it goes without saying that a Rule 60 motion is not a substitute

for an appeal from the underlying judgment." *Travelers Ins. Co. v. Liljeberg Enters.,

Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

"The burden of establishing at least one of the Rule 60(b) requirements is on

[Althouse] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D,

2013 WL 1831786, at \*1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach.

& Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by

Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); *see

also Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL

1321604, at \*2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule

60(b) requires that the moving party make a showing of unusual or unique

circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281,

286 (5th Cir. 1985))).

Rule 60(b) motions are typically committed to the sound discretion of the

district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that

the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered

an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)). And, because "denial of a 60(b)(6) motion is reviewed only for abuse of discretion," "'[i]t is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so unwarranted as to constitute an abuse of discretion.'" *Travelers*, 38 F.3d at 1408 (quoting *Seven Elves*, 635 F.2d at 402; footnote and citation omitted).

Such motions "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

Here, to the extent that some 18 years is within a reasonable time, the only provision of Rule 60 potentially applicable to Althouse's motion is (b)(6).

While "Rule 60(b) vests wide discretion in courts, ... relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)); *see also Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) ("Relief under Rule 60(b)(6) – the catch-all provision of 60(b) ... – is appropriate only in 'extraordinary circumstances.'" (citing *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) ("Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for 'any ... reason justifying relief' other than a ground covered by clauses (b)(1) through (b)(5) of the rule. Relief under this section, however, is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are

- 5 -

present.'" (footnotes omitted)))).

> "[I]n determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 137 S. Ct. at 778; *see also Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("As for a motion under clause (6), the movant must show the initial judgment to have been manifestly unjust." (internal quotations and citation omitted)).

*Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *3 (N.D. Tex. Jan. 3, 2018).

Althouse has not shown extraordinary circumstances because he has failed to even address the basis for the Court's 2002 judgment, his failure to establish liability against Dallas County. *Cf. Jenkins v. LaSalle Sw. Corrs.*, No. 3:17-cv-1376-M-BN, 2020 WL 2106355, at *6 (N.D. Tex. Jan. 28, 2020) (denying relief under Rule 60(b)(2), observing that "[m]ost notably, Jenkins fails to argue how his individual medical records alone could be used to allege an official policy of Johnson County or LaSalle, such that either defendant could be liable under *Monell* – the basis for the Court's dismissal of the municipal liability claims Jenkins asserted against these defendants based on alleged deliberate indifference. Thus, the presence of this evidence 'clearly would [not] have produced a different result if present before the original judgment.'" (citations omitted)), *rec. accepted*, 2020 WL 2105842 (N.D. Tex. Apr. 30, 2020).

The Court should therefore deny the Rule 60(b) Motion.

## Recommendation

The Court should deny Plaintiff Kevin Reid Althouse's Motion Pursuant to Rule 60(b) or to Reopen Case due to Extraordinary Circumstances [Dkt. No. 158] and

direct the Clerk to reopen and then close this case for statistical purposes.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2021

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE